ORIGINAL

HID Form 88. (Rev. 10/07) Subpoena in a Civil Case

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 02 2008

at \_\_\_ o'clock and \_\_\_ M.
SUE BEITIA, CLERK

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF HAWAII

PATRICIA N. and GUY N., Individually and as Guardians
Ad Litem of AMBER N., a minor

V.

PAUL LeMAHIEU, in his official capacity as
Superintendent of the Hawaii Public Schools, et al.

**SUBPOENA IN A CIVIL CASE**[1]

Case Number:[2] CV00-00252 MLR/LEK

Dale Kehau Kanae

TO: Custodian of Records, State of Hawaii, Department of Health
Developmental Disabilities Division
3627 Kilauea Avenue, Rm 109, Honolulu, HI 96816

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all information concerning the medical and/or mental health condition, diagnosis, care, treatment and prognosis related to AMBER N▓▓▓(DOB:▓▓▓▓), including but not limited to, any and all history obtained, medical records and reports, notes, assessments, evaluations, recommendations, counseling records, consultation notes, psychiatric and/or psychological care and treatment records, tests and test results, correspondence and billing records.

| PLACE | DATE AND TIME |
|---|---|
| SOH Dept of Health Developmental Disabilities Div, 3627 Kilauea Ave., Rm 109, Hon., HI 96816 | 5/28/08 at 9:30 A.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Attorney for Defendants | 5/21/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Gregg M. Ushiroda, Esq., Watanabe Ing & Komeiji, LLP, 999 Bishop Street, 23rd Floor, Hon., HI 96813, Tel: (808) 544-8300

---

[1] This subpoena is invalid, & imposes no duty on the person served to appear anywhere, if it was not served together with the fees for one day's attendance and mileage. Further, this subpoena imposes no duty on anyone to produce documents or things at his/her own expense.

[2] If action is pending in district other than district of issuance, state district under case number.

HID Form. 88 (Rev. 10/07) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 5·27·08 | 3627 Kilauea Ave #109 Hon. HI 96814 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| S.O.H. Dept. of Health, Developmental Disabilities Division, Case Mgmt. Div svc. branch | In person |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| SANDRA K.S. WHANG | Civil Process Server State of Hawaii |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___5·27·08___
           DATE

_____
SIGNATURE OF SERVER

Sandra Whang
1050 Bishop St. #515
ADDRESS OF SERVER
Honolulu, HI 96813
(808) 554-4444

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).



# State of Hawaii Department of Health
Authorization for Use or Disclosure of Protected Health Information (PHI)

| Name of Individual/Organization Disclosing Protected Health Information ||
|---|---|
| Name:<br>Department of Health, Developmental Disabilities Division | Address:<br>3627 Kilauea Avenue, Rm 109<br>Honolulu, Hawaii 96816 |

| Name of Individual/Organization That Will Receive the Individual's Protected Health Information ||
|---|---|
| Name:<br>John T. Komeiji, Esq.<br>Gregg M. Ushiroda, Esq.<br>Watanabe Ing & Komeiji, LLP | Address:<br>999 Bishop Street, 23rd Floor<br>Honolulu, Hawaii 96813 |

| Client/Patient Whose Protected Health Information is Being Requested ||
|---|---|
| First Name:<br>Amber | Last Name:<br>[redacted] |
| Address:<br>[redacted] | Birth Date (if known):<br>[redacted] |

I Authorize that the Following Protected Health Information be Used/Disclosed: (Be specific. Identify limits, as appropriate. Initial in the space provided if your authorization includes the use/disclosure of specially protected health information)

√ Mental Health        ____ Substance Abuse Treatment        ____ HIV/AIDS

The Protected Health Information is Being Used or Disclosed for the Following Purposes (*At the request of the Individual* is an acceptable purpose if the request is made by the individual and the individual does not want to state a specific purpose.):

This Authorization is for purposes relating to the lawsuit, Patricia N. and Guy N., Individually and as Guardians Ad Litem of Amber N., a minor vs. Paul LeMahieu, in his official capacity as Superintendent of the Hawaii Public Schools; et al.; Civil No. CV 00-00282 MLR/LEK, including but not limited to, for purposes of allowing defendants to evaluate my claims, injuries and damages as alleged in the above-referenced lawsuit. It is specifically understood that Watanabe Ing & Komeiji, LLP may disclose the requested information to the defendants in these lawsuits.

Authorization Duration (This authorization will be in force and effect until the date *or* event specified below. At that time, this authorization to use or disclose this protected health information expires)

| Authorization Expiration Date:<br>This authorization shall remain valid and enforceable for a period of two years or until the above-referenced litigation and any other related claims have been resolved completely, or until a signed written revocation is received by Watanabe Ing & Komeiji, LLP | Expiration Event That Relates to the Individual or the Purpose of the Use or Disclosure |
|---|---|

I understand that I have the right to revoke this authorization, in writing, at any time by sending such written notification to the Department of Health. I understand that a revocation is not effective to the extent that the Department has relied on the use or disclosure of the protected health information or if my authorization was obtained as a condition of obtaining insurance coverage and the insurer has a legal right to contest a claim.

I understand that information used or disclosed pursuant to this authorization may be disclosed by the recipient and may no longer be protected by federal or state law. However, I understand that information related to education (FERPA, 34 CFR Part 99), alcohol or drug treatment services (42 CFR Part 2) may not be disclosed or redisclosed without my authorization.

The Entity or Person(s) receiving this information will not condition my treatment, payment, enrollment in a health plan or eligibility for benefits (if applicable) on whether I provide authorization for the requested use or disclosure except (1) if my treatment is related to research, or (2) health care services are provided to me solely for the purpose of creating protected health information for disclosure to a third party.

☐ The use or disclosure requested under this authorization will result in direct or indirect remuneration to the Department from a Third Party.

| Individual or Personal Representative Signature: | Date: |
|---|---|
| Print Name of Individual or Personal Representative | Description of Personal Representative's Authority |

*April 29, 2004*

## AUTHORIZATION AND CONSENT
### Release of Medical Information

I. AUTHORIZATION AND CONSENT

We, **PATRICIA** ▓▓▓ and **GUY** ▓▓▓ individually and as Guardian of the Person, **AMBER** ▓▓▓ authorize the <u>**State of Hawaii, Department of Health, Developmental Disabilities Division**</u> and their employees, consultants, agents, representatives and independent contractors, to disclose and release all information described in "II. Information Authorized" which they have to **Watanabe, Ing & Komeiji LLP ("WIK")**, and its duly authorized agents and representatives, for the purposes set forth in "III. Purpose of Disclosure". In addition, WIK is authorized to use, disclose and release such information for the purposes set forth in "III. Purpose of Disclosure".

II. INFORMATION AUTHORIZED

This information we authorize and consent to be used, disclosed and released is any and all information concerning the medical and/or mental health condition, diagnosis, care, treatment and prognosis related to **AMBER** ▓▓▓, including but not limited to, any and all history obtained, medical records and reports, notes, assessments, evaluations, recommendations, counseling records, consultation notes, psychiatric and/or psychological care and treatment records, tests and test results, correspondence and billing records whether oral or written.

III. PURPOSE OF DISCLOSURE

This Authorization is for purposes relating to the lawsuit (Patricia N. and Guy N., Individually and as Guardians Ad Litem of Amber N., a minor vs. Paul LaMaheiu, in his official capacity as Superintendent of the Hawaii Pubhlic Schools, et al.; CV00-00252 MLR/LEK) including but not limited to for purposes of allowing defendants to evaluate our claims, injuries and damages as alleged in the above-referenced lawsuit. It is specifically understood that WIK may disclose the requested information to the defendants in these lawsuits.

IV. DURATION AND REVOCATION

This Authorization shall remain valid and enforceable until the above-referenced litigation and any other related claims have been resolved completely, or for a period of two years, whichever occurs later, or until a signed written revocation is received by WIK. It is understood that we may revoke this Authorization at any time by delivering to WIK a signed writing explicitly revoking this Authorization, except to the extent that WIK has already acted in reliance upon this Authorization.

V. ACKNOWLEDGMENT

We acknowledge that we have read and fully understand this Authorization and that we voluntarily sign this Authorization. We understand that our son's physicians and health care providers generally may not condition treatment, payment, enrollment or eligibility for benefits on the execution of this Authorization except as otherwise provided by law. We further understand that information authorized to be disclosed and released to WIK pursuant to this Authorization may be subject to further disclosure and release by WIK. Such redisclosure of information will no longer be protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and to the extent redisclosed shall only be for the purposes set forth in "III. Purpose of Disclosure" except as otherwise provided by law.

Dated: _____

_____          _____
PATRICIA ▓▓▓                            GUY ▓▓▓

*400578.1*