OF COUNSEL:
DAVIS LEVIN LIVINGSTON

STANLEY E. LEVIN           1152-0
MICHAEL K. LIVINGSTON      4161-0
ANNE L. WILLIAMS           1662-0
851 Fort Street Mall, Suite 400
Honolulu, Hawaii 96813
Telephone: (808) 524-7500
Fax: (808) 545-7802

Attorneys for Plaintiffs

IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PATRICIA N. and GUY N., individually and on behalf of their minor daughter, AMBER N.,<br><br>Plaintiffs,<br><br>vs.<br><br>PATRICIA HAMAMOTO, in her official capacity as Superintendent of the Hawaii Department of Education; DEPARTMENT OF EDUCATION, STATE OF HAWAII,<br><br>Defendants. | CIVIL No. CV00-00252 MLR<br>(Other Civil Action)<br><br>**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS** |

### FIRST AMENDED COMPLAINT

COME NOW, Patricia N. and Guy N., and on behalf of themselves and their minor daughter Amber N., allege as follows:


EXHIBIT E

## I. INTRODUCTION

1. This action is brought by Plaintiffs Patricia N. and Guy N., on behalf of themselves and their minor daughter Amber N. ("Plaintiffs").

2. Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 729 ("Section 504"), prohibits exclusion from participation in, denial of the benefits of, or discrimination against people with disabilities, in any program or activity receiving federal financial assistance. The claims set forth herein are brought pursuant to Section 504 and its implementing regulations, 34 C.F.R. § 104.4 and § 104.33, each of which authoritatively construes Section 504.

3. Section 504 provides a cause of action for money damages and other relief, where an entity operating a program or activity receiving federal financial assistance, acting with deliberate indifference, discriminates against a person with a disability, and/or fails to provide or otherwise prohibits reasonable accommodation and/or meaningful access to such program of activity. Section 504 applies to all public schools that receive federal financial assistance, as 29 U.S.C. § 794(b)(2)(B) defines "program or activity" to include the operations of "local educational agenc[ies]".

4. Defendant, the DEPARTMENT OF EDUCATION, STATE OF HAWAI'I ("DOE") and Defendant Patricia Hamamoto (collectively, "Defendants") acting with deliberate indifference through one or more of its

officials, administrators, agents and/or employees, discriminated against Amber N., and failed to provide to her either reasonable accommodation or meaningful access to a free and appropriate public education in Hawaii, in violation of section 504, as set out more fully below.

## II. JURISDICTION

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 which afford original jurisdiction of actions arising from federal questions under the Constitution or laws of the United States, including the Section 504. Venue is appropriate in this court because Plaintiffs and Defendant reside in the State of Hawaii, and all events giving rise to this claim occurred in the State of Hawaii.

6. Declaratory relief is authorized pursuant to 28 U.S.C. §§ 2201-02.

7. Plaintiffs have fulfilled their obligation to exhaust administrative remedies, if any.

## III. PARTIES

8. Plaintiffs Patricia N. and Guy N. are and, at all relevant times, have been residents of the City and County of Honolulu in the State of Hawaii. They are the natural parents of Amber N. ("Amber," born January 17, 1995), who was diagnosed with specific disabilities and certified for special education in the State

of Hawaii, and who is entitled to meaningful access and reasonable accommodations under federal and state law, including Section 504.

9. Defendant Department of Education, State of Hawaii ("DOE") is the state educational agency responsible for providing public education in Hawaii. DOE receives federal funds for its education programs. Under the Rehabilitation Act, respondeat superior liability applies to Plaintiffs' claims, therefore, Defendants are liable for the vicarious acts of its employees, including but not limited to Beth Schimmelfennig and Phyllis Ida. At all relevant times, DOE was legally responsible for assuring that Amber was not subjected to discrimination, that she received reasonable accommodations for her educational disabilities, and that she had meaningful access to a free and appropriate public education. DOE is being sued for violations of Section 504 and its implementing regulations, 34 C.F.R. Sec. 104.4 and 104.33, which authoritatively construes Section 504.

## IV. FACTS

10. At all relevant times, DOE has accepted millions of dollars annually in federal funding for use in providing special education in the State of Hawaii.

11. In agreeing to accept millions of dollars annually in federal funding for use in providing special education in the State of Hawaii, DOE committed to provide every eligible special education student in Hawaii, including Amber, with FAPE under Section 504.

12. In agreeing to accept millions of dollars annually in federal funding for use in providing special education in the State of Hawaii, DOE committed to provide every eligible special education student in Hawaii, including Amber, with reasonable accommodations for educational disabilities and meaningful access to education, and to assure that each such student was not subjected to discrimination.

13. In October of 1994, a Consent Decree was entered in a lawsuit brought in United States District Court for the District of Hawaii, *Felix v. Waihee, et al.*, Civil No. 93-00367DAE, under which DOE committed to work in conjunction with the Department of Health of the State of Hawaii ("DOH") to provide a full array of mental health services to special education students, including children with autism.

14. At all relevant times, DOE knew that mental health services were necessary and available for use with children with autism.

15. In 1997, when Amber was two (2) years old, she was diagnosed as autistic, and she was certified as eligible for the Zero to Three Program administered by the Department of Health, State of Hawaii ("DOH"), which is a program developed to meet DOE's early education responsibilities under federal law.

16. At all relevant times, DOE had ultimate responsibility under Federal and State law for compliance with the provisions of Section 504 in connection with

the State of Hawaii's special education programs, including but not limited to the Zero to Three Program.

17. Beginning in 1997, and continuing during all relevant times, Amber was and was known to DOE to be a child with autism.

18. Beginning in 1997, and continuing during all relevant times, Amber had and was known to DOE to have a neurological impairment which substantially limited her major life activities, including learning and caring for herself.

19. At all relevant times, Amber was and was known to DOE to be an individual with a disability within the meaning of Section 504.

20. At all relevant times, DOE knew that Amber was entitled by Federal and State law to receive education designed to meet her individual needs by reasonably accommodating her educational needs.

21. At the time of her diagnosis with autism in 1997, Amber was non-verbal with extremely limited social skills, and was known by DOE to require and to be entitled to receive an intensive early intervention program, comprised of many hours per week of work provided by specialized skills trainers.

22. At all relevant times, DOE knew that autism specific programs were available for use with children with autism.

23. Time was of the essence in providing Amber with an appropriate intensive intervention program, including autism specific services, because the earlier such a program is implemented, the more effective it is likely to be.

24. At all relevant times, DOE knew that time was of the essence in providing Amber with an appropriate intensive intervention program, including autism programming.

25. In Amber's Individualized Family Service Plan ("IFSP"), developed beginning in September of 1997, it was agreed that Amber would receive discrete trial training services, which is an autism specific methodology, and that the services would be delivered in her home.

26. Amber was found eligible for special education services from DOE in November of 1997. The services under an Individualized Education Program ("IEP") were to begin when Amber turned three years of age.

27. Amber's January 1998 IEP required that Amber receive 20 hours per week of "mental health services in home," consisting of a discrete trial training program, and also recognized the need for autism specific services in school.

28. DOE failed and refused to provide essential elements of the discrete trial training program required by Amber's 1997 IFSP and 1998 IEP, including but not limited to furniture, curriculum, materials, supplies and reinforcers, and on-

going consultations to modify or change the program as necessary, as well as personnel and training necessary to implement the program.

29. Guy and Patricia N. made repeated requests that the programs prescribed for Amber in her 1997 IFSP and 1998 IEP be implemented as required by law, but DOE deliberately and repeatedly failed and refused to do so.

30. At all relevant times, DOE provided without charge appropriate curriculum, materials and trained teachers to non-disabled children enrolled in public school.

31. At all relevant times, DOE knew that it was a violation of federal and state law to refuse to provide a public school child with the curriculum, materials and trained teachers necessary to provide that student with meaningful access to education and reasonable accommodation for her educational disabilities.

32. In order to implement the programs set forth in the 1997 IFSP and 1998 IEP when DOE deliberately failed and refused to do so, Guy and Patricia N. raised money by having garage sales, by selling their car, by withdrawing all funds from their deferred compensation programs, and through gifts and substantial loans from family members. Guy and Patricia N. used these funds to pay for the supplies, furniture, reinforcers and equipment required to implement Amber's IEP program.

33. In addition to purchasing the materials necessary to implement Amber's IEP program, Guy and Patricia N. took training to learn how to administer the program themselves. They became discrete trial trainers and directly provided services to Amber during school hours. They also recruited trainers, and even trained recruits, and acted as the care coordinator for their child's services.

34. Because of DOE's failure and refusal to implement Amber's IEP program, Guy and Patricia used all of their vacation and sick leave to implement the program themselves. Eventually, Patricia N. was forced to quit her job and devote full time to implementing Amber's IEP program. Patricia N. consequently lost income and benefits, including but not limited to her health insurance benefits and life insurance benefits.

35. Because of DOE's failure and refusal to implement Amber's IEP program, Guy and Patricia N. spent many hours per day directly providing essential program services to Amber, obtaining necessary program materials, completing data logs, planning curriculum, and recruiting and training other personnel, all to provide the program set forth in Amber's IEP.

36. The efforts by Guy and Patricia N. to implement Amber's IEP program, as aforesaid, caused them to suffer physical and emotional injuries,

adversely affected their relationship with each other and Amber, and caused financial hardship for the family.

37. At all relevant times, DOE knew that its failure and refusal to implement Amber's public education was causing Guy and Patricia N. to expend substantial time and money implementing Amber's IEP themselves.

38. Another IEP meeting was held with respect to Amber in January 1999. DOE acknowledged at this meeting the need for continued autism specific services for Amber, as well as the need "to secure funding for in-service training and consultation for parents and teachers . . .."

39. In February of 1999, Patricia N. again informed DOE that she and her husband were paying for Amber's IEP program (including that they had to hold garage sales to raise money), and again asked that DOE comply with its responsibilities under the law. DOE again failed and refused to do so.

40. DOE, through Beth Schimmelfennig, among others, had actual knowledge of these requests and took no steps to correct this situation.

41. On July 2, 1999, Guy and Patricia N. again requested that DOE fund Amber's IEP program. They wrote to numerous people in DOE and DOH, including Beth Schimmelfennig and Phyllis Ida, but received no response whatsoever.

42. The recipients of the July 2, 1999 letter knew or should have known that the rights of Plaintiffs were being violated, but they failed to take any appropriate action.

43. On or about August 30, 1999, Guy and Patricia N. filed a request for an administrative hearing, alleging that Amber had been denied her educational rights as required by Federal and State law.

44. An administrative hearing was held under the IDEA on October 18, 19, and 25, 1999. In his decision dated February 5, 2000, the Hearing Officer found in favor of the Plaintiffs, ruling, *inter alia*, that Amber and her parents had been denied FAPE because the DOE had neither provided all of the elements of Amber's program nor given the parents any written notice that it was refusing to pay for the program set forth in the IEP.

45. The Department of Education did not appeal the decision of the Hearing Officer, and the findings and conclusions set forth in that decision are *res judicata*.

46. The stresses associated with DOE's failure and refusal to implement Amber's IEP and the consequent implementation of Amber's IEP by Guy and Patricia N., caused Guy N. to suffer serious health problems. His blood pressure rose to such a level that his employer, the Honolulu Police Department, placed him on leave for several months.

47. Guy N. continues to receive medical treatment due to the high blood pressure and other health problems caused by DOE's failure and refusal to implement Amber's IEP, as aforesaid.

48. DOE's failure and refusal to implement Amber's IEP and the consequent implementation of Amber's IEP by Guy and Patricia N., has also resulted in a profound disruption of Guy and Patricia N.'s family and social life, as well as caused them to suffer other substantial non-economic losses.

49. Because Amber is an individual with a disability within the meaning of Section 504, both she and her parents have rights protected under Section 504.

50. Numerous DOE administrators, officials and employees had the authority, the responsibility and the opportunity to rectify DOE's failures, as set forth above, but failed to take appropriate corrective actions.

51. At all relevant times, DOE had knowledge that it was substantially likely that its repeated failures and refusals to implement Amber's IEP, as set forth in the preceding paragraphs of this Complaint, would harm Amber's federally protected rights to be free from discrimination, and to have meaningful access to education and reasonable accommodation with respect to her educational disabilities. Despite this knowledge, DOE failed to act upon that likelihood, thereby causing non-economic injuries as well as economic injuries to Amber and

her parents in order to provide Amber with reasonable accommodations and access to education.

52. Defendant DOE's failure and refusal to provide for Amber without charge the educational and related services necessary to ensure her meaningful access to education and reasonable accommodation for her educational disabilities – including but not limited to necessary supplies and materials with an appropriate curriculum and with appropriately trained personnel in appropriate classrooms -- was a violation of the Section 504, and constituted deliberate indifference to the Federally protected rights of Amber and her parents.

53. DOE's discrimination against Amber, as aforesaid, was based on her disability, autism, which required a high level of individualized and specialized services, as specified in Amber's IEP's, for which DOE deliberately and repeatedly refused to pay.

54. DOE's deliberate indifference to Amber's federally protected rights, as aforesaid, resulted in discrimination against Amber and denied Amber reasonable accommodation for her educational disabilities and meaningful access to free public education in Hawaii, thereby entitling Plaintiffs to recover special and general damages from DOE under Section 504 of the Rehabilitation Act in amounts to be shown at trial.

55. DOE's deliberate indifference in violating Plaintiffs' rights under section 504, as aforesaid, was a substantial factor in causing Plaintiffs to suffer economic and non-economic damages in amounts to be shown at trial.

WHEREFORE, Plaintiffs pray that this court:

1. Assume jurisdiction over this case;

2. Enter judgment in favor of Plaintiffs and against Defendant in an amount of special and general damages to be proven at trial;

3. Enter an award of the fees and costs incurred in prosecuting this case; and

4. Enter such other equitable and legal relief that is warranted and just.

DATED: Honolulu, Hawaii, June 2, 2008.

/S/ STANLEY E. LEVIN

STANLEY E. LEVIN
MICHAEL K. LIVINGSTON
ANNE L. WILLIAMS

Attorneys for Plaintiffs

IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| PATRICIA N. and GUY N., individually and on behalf of their minor daughter, AMBER N.,<br><br>Plaintiffs,<br><br>vs.<br><br>PATRICIA HAMAMOTO, in her official capacity as Superintendent of the Hawaii Department of Education; DEPARTMENT OF EDUCATION, STATE OF HAWAII,<br><br>Defendants. | CIVIL No. CV00-00252 MLR (Other Civil Action)<br><br>**DEMAND FOR JURY TRIAL** |

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby continue their demand for trial by jury on all issues so triable in this matter.

DATED: Honolulu, Hawaii, June 2, 2008.

/S/ STANLEY E. LEVIN

STANLEY E. LEVIN
MICHAEL K. LIVINGSTON
ANNE L. WILLIAMS

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICIA N. and GUY N., individually and on behalf of their minor daughter, AMBER N., <br><br> Plaintiffs, <br><br> vs. <br><br> PATRICIA HAMAMOTO, in her official capacity as Superintendent of the Hawaii Department of Education; DEPARTMENT OF EDUCATION, STATE OF HAWAII, <br><br> Defendants. | CIVIL No. CV00-00252 MLR (Other Civil Action) <br><br> SUMMONS |

## **SUMMONS**

TO THE DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to serve upon Plaintiffs' counsel, Stanley E. Levin, Michael K. Livingston, and Anne L. Williams; DAVIS LEVIN LIVINGSTON, whose address is: 851 Fort Street, Suite 400, Honolulu, Hawaii 96813 an answer to the First Amended Complaint, which is attached. This action must be taken within twenty days after service of this summons upon you exclusive of the date of service.

This Summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this Summons, personal delivery during those hours.

If you fail to make your answer within the twenty (20) day time limit, judgment by default will be taken against you for the relief demanded in the First Amended Complaint.

DATED: Honolulu, Hawaii, _____.


                                              _____
                                              CLERK OF THE ABOVE-ENTITLED
                                              COURT

PATRICIA N., et al., v. PATRICIA HAMAMOTO, et al., Civ. No. CV00-00252 MLR; SUMMONS

## Complaints and Other Initiating Documents
1:00-cv-00252-MLR-BMK N., et al v. Lemahieu, et al

U.S. District Court

District of Hawaii

Notice of Electronic Filing

The following transaction was entered by Levin, Stanley on 6/2/2008 at 4:22 PM HST and filed on 6/2/2008

Case Name:         N., et al v. Lemahieu, et al
Case Number:       1:00-cv-252
Filer:             Patricia N.
                   Guy N.
                   Amber N.
Document Number: 229

Docket Text:
**AMENDED COMPLAINT** ; *DEMAND FOR JURY TRIAL* against Patricia Hamamoto, Education, Department of, filed by Patricia N., Guy N., Amber N..(Levin, Stanley)


**1:00-cv-252 Notice has been electronically mailed to:**

Stanley E. Levin     slevin@davislevin.com, debbie@davislevin.com

Michael K. Livingston     mlivingston@davislevin.com, bette@davislevin.com

Daniel K. Obuhanych     dobuhanych@wik.com

Aaron H. Schulaner     aaron.h.schulaner@hawaii.gov, gina.m.lum@hawaii.gov, jorge.r.cadiz@hawaii.gov, schulanea001@hawaii.rr.com, schulaner@hawaii.rr.com

Holly T. Shikada     holly.t.shikada@hawaii.gov, Cheryl.H.Oeda@hawaii.gov, Marcie.K.Mcwayne@hawaii.gov

**1:00-cv-252 Notice will not be electronically mailed to:**

Keith Hunter
Pauahi Tower
1001 Bishop St Ste 1155
Honolulu, HI 96813

John T. Komeiji
Watanabe Ing Kawashima & Komeiji

https://ecf.hid.uscourts.gov/cgi-bin/Dispatch.pl?720428946409517     6/2/2008

First Hawaiian Center
999 Bishop St 23rd Flr
Honolulu, HI 96813

Russell A. Suzuki
Department of the Attorney General
Education Division
235 S Beretania St Rm 304
Honolulu, HI 96813

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1095854936 [Date=6/2/2008] [FileNumber=506105-0]
[96f6eb6c09a0bcfd906173324afd88350c5d0638798935a9eca837e06c8e9ec2267aa
99a5cda4964ee34a053e1426edbd8d3a3e3c27598feb40dea96712d7a02]]