```
 1              IN THE UNITED STATES DISTRICT COURT

 2                        STATE OF HAWAII

 3   PATRICIA N. and GUY N.,        )
     individually and as Guardians  )
 4   Ad Litem of AMBER N., a minor  )
                                    )
 5              Plaintiffs,         )
                                    )
 6        vs.                       ) Civil No. CV00-000252 DAE/LEK
                                    )
 7   PAUL LEMAHIEU, in his official )
     capacity as Superintendent of  )
 8   the Hawaii Public Schools;     )
     BETH SCHIMMELFENNIG, in her    )
 9   official capacity as an        )
     Education Specialist; PHYLLIS  )
10   IDA, in her official capacity  )
     as an employee of the          )
11   Department of Education; and   )
     DEPARTMENT OF EDUCATION,       )
12   State of Hawaii                )
                                    )
13              Defendants.         )
     _____)

14

15

16

17

18                    DEPOSITION OF GUY N.

19        Taken on behalf of the Plaintiffs at the offices of

20   the Department of the Attorney General, 235 S. Beretania

21   Street, Honolulu, Hawaii, commencing at 9:37 a.m. on March

22   16, 2001, pursuant to Notice.

23                                                 EXHIBIT F

24   BEFORE:    JESSICA R. PERRY, CSR NO. 404

25             Certified Shorthand Reporter
```

1        MR. LEVIN:  It doesn't have to be a Discrete
2   Trial trainer.
3        Q.   It doesn't have to be.  What does it have to be in
4   your mind?  A 40-hour-a-week person?  What kind of person?
5        A.   Qualified person that can run the program.
6        Q.   So it could be a therapeutic aide, a TA, basically?
7   It could be any of the current people you have, but with
8   extended hours even more, right?  Or someone that they
9   recommend?  In other words, someone like the people you have
10  now, right?
11       A.   No.
12       Q.   They are not qualified?
13       A.   Not to run the program, be in charge of the
14  program.
15       Q.   Oh, so you're saying your wife -- it's not 40 hours
16  a week to have someone there, your attorney objected and said
17  just a person, but you basically need someone in charge of
18  the program for 40 hours a week, right?
19       A.   Yes.
20       Q.   So you would -- so that could be someone other than
21  your wife, correct?
22       A.   Correct.
23       Q.   And if they do that, your wife would go back to
24  work, correct?
25       A.   Correct.

1  regards to the fact that, in your belief, 40 hours of mental
2  health services, we'll call them, are not being delivered to
3  your child and that your family yet again, apparently, has to
4  take money out of their own pockets, apparently almost -- I
5  think previously your wife's income was around, maybe 30-,
6  $40,000, that's pretty significant.  So I'm asking why hasn't
7  that been addressed in an IEP meeting subsequent to the due
8  process hearing, you know, if it keeps going and going?
9       A.   That was addressed in our initial complaint that we
10 filed, but we didn't pursue -- we didn't wish to pursue that
11 at that time, and we stated that we weren't seeking
12 reimbursement for that at that time.
13      Q.   Oh.  So you kind of let it -- you didn't focus on
14 that.  So do you feel you -- so you still have the
15 opportunity again to file a due process again to focus on
16 that aspect of the program not being implemented, right?
17           MR. LEVIN:  Objection.  This lawsuit was
18 filed.  The lawsuit raised the issue, and it's more than
19 that.
20      Q.   So you really don't feel you're able to file
21 another due process hearing to focus on the issue of 40 hours
22 a week of mental health services not being provided to your
23 family, or do you?  Do you feel you have that ability or not?
24           MR. LEVIN:  Objection.  It's a legal problem
25 with the authority of the hearing officer issuing relief.

```
 1  STATE OF HAWAII              )
 2                               ) ss:
 3  CITY & COUNTY OF HONOLULU    )
 4
 5           I, JESSICA R. PERRY, do hereby certify:
 6           That on March 16, 2000, at 9:35 a.m. appeared
 7  before me GUY NAHALE, the witness whose deposition is
 8  contained herein; that prior to being examined he was by me
 9  duly sworn;
10           That the deposition was taken down by me in
11  machine shorthand and was thereafter reduced to typewritten
12  form by computer-aided transcription; that the foregoing
13  represents, to the best of my ability, a full, true and
14  correct transcript of said deposition.
15           I further certify that I am not attorney for
16  any of the parties hereto, nor in any way concerned with the
17  cause.
18
19           DATED this 26th day of March 2001, in
20  Honolulu, Hawaii.
21
22           [signature]
23  Jessica R. Perry, CSR 404
    Notary Public, State of Hawaii
24  My commission expires: 05/11/03
25
```