403873.3
WATANABE ING LLP
A Limited Liability Law Partnership

**MELVYN M. MIYAGI**   #1624-0
**GREGG M. USHIRODA**  #5868-0
**GARY S. SUGANUMA**   #6960-0
**LEIGHTON M. HARA**   #7826-0
**ROSS T. SHINYAMA**   #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

MARK J. BENNETT   #2672-0
Attorney General of Hawai`i

**GEORGE S.S. HOM**    #2487-0
**HOLLY T. SHIKADA**   #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawai`i
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Holly.T.Shikada@hawaii.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| PATRICIA N. and GUY N., Individually and on behalf of their minor daughter AMBER N.,<br><br>     Plaintiffs,<br><br>     vs.<br><br>PATRICIA HAMAMOTO, in her official capacity as Superintendent of the Hawaii | CIVIL NO. CV00-00252 MLR-LEK<br>(Other Civil Matter)<br><br>**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, FILED JUNE 2, 2008, FOR FAILURE TO EXHAUST**<br><br>[continued] |

| | |
|---|---|
| Department of Education;<br>DEPARTMENT OF EDUCATION,<br>STATE OF HAWAII,<br><br>    Defendants. | )  **ADMINISTRATIVE REMEDIES;**<br>)  **DECLARATION OF GREGG M.**<br>)  **USHIRODA; EXHIBIT "A";**<br>)  **CERTIFICATE OF SERVICE**<br>)<br>)<br>)<br>)  **NO TRIAL DATE SET** |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, FILED JUNE 2, 2008, FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

COME NOW Defendants DEPARTMENT OF EDUCATION ("DOE") and PATRICIA HAMAMOTO (collectively, Defendants), by and through their counsel, WATANABE ING LLP, and hereby submit their Reply Memorandum in Support of their Motion to Dismiss Plaintiffs' First Amended Complaint, Filed June 2, 2008, for Failure to Exhaust Administrative Remedies ("Reply Memorandum").

**I.   BRIEF PROCEDURAL BACKGROUND**

On June 2, 2008, Plaintiffs filed their First Amended Complaint. On June 23, 2008, Defendants filed their Motion to Dismiss Plaintiffs' First Amended Complaint, filed June 2, 2008, for Failure to Exhaust Administrative Remedies (the "Motion"). Defendants argue that this Court lacks jurisdiction to hear Plaintiffs' First Amended Complaint until Plaintiffs first exhaust the IDEA's procedures and available remedies.

Plaintiffs filed their Memorandum in Opposition to the Motion on July 24, 2008 (the "Opposition"). In their Opposition, Plaintiffs argue that they have already exhausted the IDEA's

administrative procedures and remedies by filing for, and participating in, a due process hearing held on October 18, 19, and 25, 1999 (the "1999 Hearing"). See Opposition at 13-16. A hearings officer rendered his decision on the issues presented in the 1999 Hearing on February 2, 2000. See Decision and Order in the Matter of Amber N. v. Department of Education, Before the Department of Education Chapter 36 Hearings Officer, dated February 2, 2000 ("Decision and Order"), a true and correct copy of which was attached as Exhibit "C" to the Motion. Further, in their Opposition, Plaintiffs argue that exhaustion of administrative remedies is not required because they do not seek any remedies available under the IDEA. See Opposition at 2-3.

II. **ARGUMENT**

    A.    **Defendants' Motion Does Not Violate LR 56.1(a)-(e).**

Defendants' Motion is not brought pursuant to either Rule 12(b)(6) or 12(c) of the Federal Rules of Civil Procedure ("FRCP"). Rather, Defendants' Motion is brought pursuant to the IDEA's administrative appeal procedure that must be pursued before seeking judicial review. See J.W. v. Fresno Unified Sch. Dist., __ F. Supp.2d __, 2008 WL 2698647 at *2 (E.D. Cal. July 9, 2008). In other words, Defendants' Motion argues that "this Court lacks subject matter jurisdiction over claims Plaintiff failed to raised in the relevant administrative procedure." Id. "Under such circumstances, the Court may expand its review and

rely on affidavits or any other evidence properly before the court." Id. Accordingly, Defendants' Motion should not be treated as a motion for summary judgment, and, thus, Defendants are not required to submit a concise statement of fact to comply with LR 56.1(a)-(e).

     B.   **Plaintiffs' Injuries Can Be Redressed By The IDEA's Administrative Procedures And Remedies.**

In their Opposition, Plaintiffs argue that exhaustion of administrative remedies is not required because they are not seeking any remedy in their First Amended Complaint that can be redressed by the IDEA's administrative procedures and remedies. See Opposition at 2-3. Specifically, Plaintiffs argue that the IDEA does not provide money damages for the emotional distress, physical pain and suffering,[1] and financial losses incurred by Plaintiffs as a result of Defendants' alleged deliberate

---

[1] Under Section 504, Plaintiffs do not have standing to bring an action for their own personal injuries allegedly arising from the Defendants' alleged discrimination against Amber N.. See Sanders by Sanders v. Marquette Pub. Schs., 561 F. Supp. 1367, 1368-70 (W.D. Mich. 1983); see also Order Denying Defendants' Motion for Summary Judgment, Construed as a Motion for Judgment on the Pleadings, et al., filed December 19, 2006 in Ann Kimball Wiles, et al. v. Dep't of Education, et al., Civ. No. 04-00442 and 05-00247 HG-BMK (D. Haw. 2006). This is because Plaintiffs Guy and Patricia N. are not participants in, or beneficiaries of, a program receiving federal funds. Thus, to the extent that Plaintiffs assert that their First Amended Complaint seeks money damages for Plaintiffs Guy and Patricia N.'s own emotional distress, and pain and suffering, Plaintiffs are not entitled to such relief.

violation of Section 504.  <u>See</u> Opposition at 2.  Plaintiffs' argument, however, is inapposite.  The relevant question is not whether the specific remedy sought by Plaintiffs can be redressed by the IDEA's administrative procedures and remedies, but, rather, whether Plaintiffs' alleged injuries for which they seek a remedy could be redressed to **any degree** by the IDEA's administrative procedures and remedies.  <u>See</u> <u>Robb v. Bethel Sch. Dist. # 403</u>, 308 F.3d 1047 (9th Cir. 2002).

In <u>Robb</u>, the parents of a disabled student filed suit under 42 U.S.C. § 1983 on behalf of themselves and their daughter, seeking money damages to compensate them for "lost educational opportunities" and "emotional distress, humiliation, embarrassment, and psychological injury."  <u>Id.</u> at 1048.  The district court dismissed the case on the ground that the plaintiffs were barred from pursuing a judicial remedy before they exhausted their administrative remedies under the IDEA.  <u>Id.</u>  On appeal, plaintiffs argued that exhaustion was not required because they were only seeking money damages- relief not available under the IDEA.  <u>Id.</u> at 1049.  The Ninth Circuit Court of Appeals, agreeing with the First, Sixth, Seventh, Tenth, and Eleventh Circuits, and affirming the district court's dismissal of plaintiffs' case, held that "a plaintiff cannot avoid the IDEA's exhaustion requirement merely by limiting a prayer for relief to money damages."  <u>Id.</u>  The Ninth Circuit explained,

"[the] primary concern in determining whether a plaintiff must use the IDEA's administrative procedures **relates to the source and nature of the alleged injuries for which he or she seeks a remedy, <u>not</u> the specific remedy requested**." Id. at 1050 (emphasis added).  Thus, "[t]he dispositive question generally is whether the plaintiff has alleged injuries that could be redressed to **any degree** by the IDEA's administrative procedures and remedies." Id. (emphasis added).  "If so, exhaustion of those remedies is required." Id.

In the instant case, Plaintiffs' alleged injuries can be redressed by the IDEA's administrative procedures and remedies.  In their First Amended Complaint, Plaintiffs allege that Plaintiffs Patricia and Guy N. suffered physical, emotional, and financial injuries as a result of the "substantial time and money [Plaintiffs Patricia and Guy N. spent] implementing Amber's IEP themselves." See First Amended Complaint at ¶¶ 36-37.  As Plaintiffs allege, Guy and Patricia N. took training to learn how to administer Amber's program themselves; became discrete trial trainers; directly provided services to Amber during school hours; recruited trainers; trained recruits; and acted as the care coordinator for Amber's services. See First Amended Complaint at ¶ 33.  The "source and nature" of Plaintiffs' alleged injury, at least in part, is that Patricia and Guy N. were not compensated for their time spent rendering services to

- 6 -

Amber N. Compensation for time spent rendering services necessary to provide a disabled individual an IDEA FAPE is "available relief" under the IDEA. Indeed, in <u>Bucks County Dep't of Mental Health/Mental Retardation v. Pennsylvania</u>, 379 F.3d 61 (3d. 2004), the Third Circuit Court of Appeals held that an award compensating a parent for her time spent providing Lovaas training to her disabled child was appropriate relief under the IDEA.[2] As a result, Plaintiffs' alleged injuries here can be redressed, at least to some degree, by the IDEA's administrative procedures and remedies. Accordingly, Plaintiffs were required to exhaust their administrative remedies as to compensation for

---

[2] In the Opposition, Plaintiffs ask this Court to disregard the <u>Buck</u> decision because it was a case of first impression that was decided after the 1999 Hearing. <u>See</u> Opposition at 20. Plaintiffs then argue that the hearing officer did not have the authority to award compensation for services rendered because Defendants fail to cite any authority stating that such a remedy was "available relief" at the time of the 2000 Administrative Hearing. <u>See id.</u> Plaintiffs' argument is meritless. The mere fact that there was no published decision at the time of the 1999 Hearing explicitly stating that compensation for services rendered is "available relief" under the IDEA, does not mean that such a remedy was, in fact, not available. Indeed, Plaintiffs fail to cite any authority holding the contrary. Without any authority to the contrary, the hearing officer could have ordered the DOE to compensate Guy and Patricia N. for their time spent rendering services to Amber - a remedy that <u>Bucks</u> now confirms is appropriate. By failing to present their lost wages claim at the 1999 Hearing, however, Plaintiffs eliminated any opportunity that the hearing officer may have had to address this issue. Thus, Plaintiffs' failure to present their claim of lost wages at the administrative level requires the dismissal of Plaintiffs' First Amended Complaint.

the time allegedly spent by Plaintiffs Patricia and Guy N. in implementing Amber N.'s program.

In their First Amended Complaint, Plaintiffs also allege that they have been injured as a result of having to pay for Amber's home program. See First Amended Complaint at ¶ 37. Plaintiffs state in their First Amended Complaint:

> Guy and Patricia N. raised money by having garage sales, by selling their car, by withdrawing all funds from their deferred compensation programs, and through gifts and substantial loans from family members. Guy and Patricia N. used these funds to pay for the supplies, furniture, reinforcers and equipment required to implement Amber's IEP program.

See First Amended Complaint at ¶ 32 (emphasis added).

It is well-settled that reimbursement for education-related expenses can be redressed by the IDEA's administrative procedures and remedies. Indeed, the 1999 Hearing focused on this very issue of reimbursement. Nonetheless, despite having been reimbursed for all expenses found to have been necessary in implementing Amber N.'s program, Plaintiffs continue to allege injuries based on the fact that they had to pay for "supplies, furniture, reinforcers, and equipment required to implement Amber's IEP program." See First Amended Complaint at ¶ 32. Moreover, Plaintiffs couch their argument on the fact that they allegedly sold their car, the car that was later replaced by the

Chevy Tahoe in question[3], to pay for these "necessary" educational expenses. Accordingly, the injuries Plaintiffs complain of can be redressed by the IDEA's administrative procedures and remedies.

Plaintiffs, however, argue that they have already exhausted their administrative remedies as to their claims for reimbursement. See Opposition at 13-16. In reality, Plaintiffs' contentions to the contrary notwithstanding, Plaintiffs have not submitted all their claims for reimbursement at the administrative level. Indeed, their lack of a vehicle as a result of having to pay for Amber's program is but one example of a reimbursement claim that ought to have been, but that was not presented at the administrative level. In Plaintiff Amber N.'s Second Supplemental Response to Defendant's First Request to

---

[3] Plaintiffs argue that they are not seeking reimbursement for, inter alia, a Chevy Tahoe. In fact, Plaintiffs state that they expressly disavowed that they are seeking reimbursement for, inter alia, a Chevy Tahoe in their September 3, 2004 Memorandum in Opposition to Defendants' 2004 Motion to Dismiss. See Opposition at 17. Plaintiffs, however, fail to recall that Defendants' 2004 Motion to Dismiss was never heard by this Court. Indeed, as a result of the appeal in Mark H. v. Lemahieu, Civil No. 00-00282 MLR/LEK, all pending motions, including Defendants' 2004 Motion to Dismiss, were terminated. Thus, despite the misrepresentations of Plaintiffs, the instant Motion has not been heard by this Court. Further, and as a result of this Court's termination of Defendants' 2004 Motion to Dismiss, Defendants have no choice but to rely on Plaintiffs' representations in the deposition transcripts that they are seeking reimbursement for a Chevy Tahoe, out-of-pocket and education related expenses, amendment of Amber N.'s educational program, etc. See Motion at 7-13.

Answer Interrogatories to Amber N. dated May 12, 2008. ("Amber N.'s Second Supplemental Response"), Plaintiffs seek reimbursement for, <u>inter alia</u>, diapers and household goods. <u>See</u> Amber N.'s Second Supplemental Response at 7, a true and correct copy of which is attached as Exhibit "A". As Plaintiffs state, these expenses are "a result of having to pay for the implementation of the home program." <u>See</u> <u>id.</u> at 6.

As a result, despite their representations to the contrary, the pleadings and discovery responses demonstrate unequivocally that Plaintiffs are still seeking reimbursement for out-of-pocket, education-related expenses. As the hearings officer stated in the Decision and Order, "[i]f the parties fail to resolve the issue of educational expenses, . . . either party can request an impartial hearing." <u>See</u> Decision and Order at 13.

Plaintiffs' alleged injuries can be redressed by the IDEA's administrative procedures and remedies. Accordingly, Plaintiffs were required to exhaust their administrative remedies before filing their First Amended Complaint. Plaintiffs may not circumvent the IDEA's exhaustion provision simply because their requested or preferred remedies, <u>e.g.</u>, salary, benefits, lost vacation, or money damages, are not available under the IDEA.[4]

---

[4] In the alternative, Plaintiffs argue that Defendants are essentially making a mitigation of damages argument which this Court is better suited to hear. <u>See</u> Opposition at 21. Defendants, however, are not arguing for the mitigation of damages in their Motion. Rather, Defendants are arguing that

### C.  Plaintiffs Did Not Sufficiently Exhaust Their Administrative Remedies.

In their Opposition, Plaintiffs argue that "all educational issues were resolved in the [1999 Hearing]," and, thus, Plaintiffs have "adequately exhausted their administrative remedies." See Opposition at 13.  Plaintiffs are mistaken.  For example, as Plaintiff Guy N. has already testified, "[Plaintiffs] were not seeking reimbursement for [lost wages] at t[he] time [of the 1999 Hearing]." See Motion at 10.  Plaintiffs' lost wages claim, however, and as demonstrated supra, can be redressed, at least to some degree, by the IDEA's administrative procedures and remedies.  Further, and despite the contentions of Plaintiffs, the claim for lost wages is part and parcel of the educational process.  Indeed, the entire claim for lost wages is based on the fact that both Plaintiffs Patricia and Guy N. had to either take

---

Plaintiffs' injuries can be redressed by the IDEA's administrative procedures and requirements, and, that Plaintiffs, failure to first exhaust those remedies requires that the First Amended Complaint be dismissed.  Further, the goal of the IDEA exhaustion requirement is to provide federal courts - "'generalists with no experience in the educational needs of [disabled] students,'"- with "the benefit of expert fact-finding by a state-agency devoted to this very purpose."  Robb, 308 F.3d at 1051 (citations omitted).  When presented with Plaintiffs' claim for lost wages, the trier of fact must determine whether all, part, or any of the "substantial time" spent by Guy and Patricia N. in implementing Amber's program was, in fact, necessary to meet Amber's needs.  An IDEA administrative hearing officer is better suited to make this determination than is this tribunal.  At the very least, having Plaintiffs' claims evaluated by an IDEA administrative hearings officer, would provide this Court with the benefit of expert fact-finding by a state agency devoted to this very purpose.

time off their job and/or quit their job in order to spend time implementing Amber's program.  Further, even though Plaintiffs had presented some of their reimbursement claims at the administrative level, the hearings officer expressly stated that "[i]f the parties fail to resolve the issue of educational expenses, . . . either party can request an impartial hearing."  See Decision and Order at 13.  While this statement was made in the context of expenses incurred after July 1, 1999, it is hard to imagine a reason why this would not apply to reimbursement expenses incurred before July 1, 1999, though not properly presented at the 1999 Hearing.  As Plaintiffs failed to present their claims for reimbursement at the administrative level, they are precluded from brining said claim before this tribunal.  Having failed to exhaust the administrative remedies available to them, Plaintiffs' First Amended Complain should be dismissed.[5]

---

[5] Plaintiffs argue that they are not seeking any claims related to additional personnel, additional time, or other changes to Amber N.'s program.  See Opposition at 17.  Plaintiffs state, "[f]rom a purely common sense point, it would make no sense to seek through this action (or an administrative hearing) changes to a 1998-2000 program."  See id.  Plaintiffs' argument, however, is misguided.  The relevant question is whether, **at the time the first complaint** was filed, the IDEA's administrative procedures and remedies could have redressed Plaintiffs' claims.  Indeed, the purpose of the IDEA's exhaustion requirement would be utterly defeated if a plaintiff could circumvent the IDEA's administrative procedures and remedies simply by letting time run.  See e.g., Singh v. Gonzales, 499 F.3d 969 (9th Cir. 2007) (holding that plaintiff could not evade the requirement of exhaustion of administrative remedies in a habeas petition claiming ineffective assistance of counsel simply by letting the time run).

III. **CONCLUSION**

Based on the foregoing Reply and the Motion, and upon argument to be presented at the hearing, Defendants respectfully request that this Court grant the Motion, and dismiss Plaintiffs' First Amended Complaint in its entirety.

DATED:  Honolulu, Hawaii, August 11, 2008.

/s/ Gregg M. Ushiroda
MELVYN M. MIYAGI
GREGG M. USHIRODA
GARY S. SUGANUMA
LEIGHTON M. HARA
ROSS T. SHINYAMA

MARK J. BENNETT
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants