405034.2
WATANABE ING LLP
A Limited Liability Law Partnership

**MELVYN M. MIYAGI**     #1624-0
**GREGG M. USHIRODA**    #5868-0
**GARY S. SUGANUMA**     #6960-0
**LEIGHTON M. HARA**     #7826-0
**ROSS T. SHINYAMA**     #8830-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-Mail: gushiroda@wik.com

MARK J. BENNETT     #2672-0
Attorney General of Hawai`i

GEORGE S.S. HOM     #2487-0
HOLLY T. SHIKADA    #4017-0
Deputy Attorneys General
Department of the Attorney
 General, State of Hawai`i
235 S. Beretania Street, Suite 304
Honolulu, Hawaii 96813
Telephone No. (808)586-1255
Facsimile No. (808)586-1488
E-Mail:  Holly.T.Shikada@hawaii.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| PATRICIA N. and GUY N., Individually and on behalf of their minor daughter AMBER N.,<br><br>          Plaintiffs,<br><br>     vs.<br><br>PATRICIA HAMAMOTO, in her official capacity as Superintendent of the Hawaii Department of Education; DEPARTMENT OF EDUCATION, | CIVIL NO. CV00-00252 MLR-LEK (Other Civil Matter)<br><br>**DEFENDANTS PATRICIA HAMAMOTO AND DEPARTMENT OF EDUCATION'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO PRECLUDE THE TESTIMONY OF BARBARA BATEMAN; CERTIFICATE OF SERVICE**<br><br>Hearing:<br>DATE: September 11, 2008<br>TIME: 10:00 a.m. |

| | |
|---|---|
| STATE OF HAWAII, ) | JUDGE: Honorable Manuel L. Real |
| ) | |
| Defendants. ) | **NO TRIAL DATE SET** |
| _____ ) | |

**DEFENDANTS PATRICIA HAMAMOTO AND DEPARTMENT OF EDUCATION'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO PRECLUDE THE TESTIMONY OF BARBARA BATEMAN**

COME NOW Defendants PATRICIA HAMAMOTO and DEPARTMENT OF EDUCATION ("DOE")(collectively, "Defendants"), by and through their attorneys, WATANABE ING LLP, and hereby submit their Reply Memorandum in Support of their Motion to Preclude the Testimony of Barbara Bateman (the "Reply").

**I.   FRE Rule 704(a) Does Not Allow Expert Witnesses To Testify As To Their Legal Conclusions.**

In Plaintiffs' Memorandum in Opposition to Defendants' Motion to Preclude the Testimony of Barbara Bateman filed August 22, 2008 (the "Opposition"), Plaintiffs argue that the Defendants' Motion to Preclude the Testimony of Barbara Bateman filed July 28, 2008 (the "Motion") should be denied because the Federal Rules of Evidence ("FRE") do not preclude Barbara Bateman, Ph.D., J.D. ("Ms. Bateman") from rendering an expert opinion as to an ultimate issue to be decided by the trier of fact. See Opposition at 3-4. In support, Plaintiffs cite to FRE Rule 704(a), which provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." See Fed. R. Evid. 704(a). FRE 704(a), however,

despite the contentions of Plaintiffs, does not allow an expert witness to give an opinion as to her or his legal conclusions. See Elsayed Mukhater v. California State Univ. Hayward, 299 F.3d 1053, 1066 n. 10 (9th Cir. 2002). The Ninth Circuit Court of Appeals stated in Elsayed:

> It is well-established . . . that expert testimony concerning an ultimate issue is not per se improper. Indeed, Federal Rule of Evidence 704(a) provides that expert testimony that is "otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." However, an expert witness cannot give an expert opinion as to her *legal conclusion*, *i.e.*, an opinion on an ultimate issue of law.

Id. (emphasis in original)(internal citations omitted).

Accordingly, the Federal Rules of Evidence do not allow an expert witness to testify as to her or his legal conclusions. FRE Rule 704(a) does not allow an expert witness to circumvent this well-settled limitation imposed on expert testimony.

II. **Ms. Bateman's "Expert" Testimony Constitutes Inadmissible Legal Conclusions.**

In their Opposition, Plaintiffs argue that the Motion should be denied because Ms. Bateman is not being "offered as an expert in case or statutory law." See Opposition at 8. Plaintiffs' argument, however, completely misses the point. Regardless of whether Plaintiffs represent to the Court that Ms. Bateman is not being "offered as an expert in case or statutory law," Ms. Bateman **is**, as evidenced by the opinions expressed in

- 3 -

her reports and depositions, rendering "expert" opinions as to her **legal conclusions**. See Motion at 5-6. Such opinions - e.g., Amber N. did not receive "meaningful access"; Amber N. did not receive "reasonable accommodations"; Amber N. did not receive FAPE under Section 504; the Defendants acted with "deliberate indifference" - are inadmissible legal conclusions. Accordingly, Ms. Bateman should be precluded from testifying to such opinions at trial.

      Plaintiffs also misrepresent their own expert's role in the instant case. Notwithstanding the numerous legal conclusions expressed in her reports and depositions, Ms. Bateman was quick to proclaim in her deposition in the Mark H. case that she is an "expert" in IDEA and Section 504 law. See Deposition Transcript of Barbara Bateman in Mark H. v. Lemahieu, dated June 5, 2008 at p. 20, lns. 1-16, a true and correct copy of which is attached as Exhibit "A" to the Motion. Further, the heading to Ms. Bateman's report in the instant case states:

Barbara Bateman, Ph.D., J.D.<br>**Legal Consultant** in Special Education

See Exhibit "E" to the Motion (emphasis added).

      Collectively read, the numerous legal conclusions testified to and stated by Ms. Bateman in her reports and depositions, Ms. Bateman's own testimony holding herself out as an "expert" in IDEA and Section 504 law, and Ms. Bateman's self-title in her report in the instant case, evidence that Ms.

Bateman is being proffered as an expert in Section 504 and IDEA law. Accordingly, Ms. Bateman should be precluded from testifying at trial because she is giving expert opinions as to her inadmissible legal conclusions. Further, as articulated fully in the Motion, Ms. Bateman should be precluded from testifying at trial because her inadmissible legal conclusions do not "assist" the trier of fact; are not products of reliable principles or methods; and are not based on sufficient facts or data.

III. **Expert Testimony Is Not Necessary To Determine Whether "Reasonable Accommodations" Were Provided.**

Defendants respectfully submit that Ms. Bateman's "expert" opinion that Amber N. did not receive "reasonable accommodations," and, in turn, was denied "meaningful access" under Section 504, is an inadmissible legal conclusion. Indeed, such an opinion usurps the role of the jury in applying the applicable law to the facts before it. See United States v. Duncan, 42 F.3d 97, 101 (2d Cir. 1994). In their Opposition, however, Plaintiffs argue that expert testimony concerning reasonable accommodations is "routine," and, thus, Ms. Bateman's "expert" opinions as to whether Defendants provided Amber N. with reasonable accommodations are admissible.[1] See Opposition at 4-

---

[1] Plaintiffs make no showing in their Opposition that expert testimony is necessary or "routine" in determining whether a school district has acted with "deliberate indifference" in violation of Section 504. Indeed, any opinion concerning Section

- 5 -

5. Plaintiffs cite as supporting authority the Ninth Circuit Court of Appeals' decisions in <u>Duvall v. County of Kitsap</u>, 260 F.3d 1124 (9th Cir. 2001) and <u>Wong v. Regents of the University of California</u>, 192 F.3d 807 (9th Cir. 1999). <u>Duvall</u> and <u>Wong</u>, however, do not support Plaintiffs' argument.

In <u>Duvall</u>, the Ninth Circuit, quoting <u>Wong</u>, held that "'mere speculation that a suggested accommodation is not feasible falls short of the reasonable accommodation requirement; the Acts create a duty to gather sufficient information from the disabled individual and **qualified experts as needed to determine what accommodations are necessary** . . . .'" <u>Duvall</u>, 260 F.3d at 1136-37 (quoting <u>Wong</u>, 192 F.3d at 818)(emphasis added). Plaintiffs characterize the foregoing passage to mean that expert testimony is necessary or "routine" in determining issues concerning "reasonable accommodations." The Ninth Circuit's holding in the foregoing passage, however, merely clarified the nature of the obligation imposed on school districts by Section 504 to **investigate** whether an accommodation is reasonable. See <u>Duvall</u>, 260 F.3d at 1136. In other words, the Ninth Circuit held that

---

504's "deliberate indifference" standard would be an inadmissible legal conclusion under FRE Rule 702. Any such opinion would interfere with the judge's role as the "sole arbiter of the law" and usurp the role of the jury as the trier of fact. See Motion at 4-5. Accordingly, because Plaintiffs have failed to show that Ms. Bateman's "expert" opinions on Section 504's "deliberate indifference" standard is anything but an inadmissible legal conclusion, Defendants respectfully submit that Ms. Bateman should be precluded from rendering any such opinions at trial.

"mere speculation that a suggested accommodation is not feasible" does not relieve a school district from its obligation under Section 504 to investigate. See id. Rather, to satisfy its obligation to investigate whether an accommodation is, in fact, reasonable, a school district may be required to consult with "qualified experts **as needed**." See id. (emphasis added).

Contrary to the contentions of Plaintiffs, Duvall and Wong do not hold that expert testimony is "routine" in determining issues concerning the legally-defined term of "reasonable accommodations." Rather, Duvall and Wong merely hold that a school district is required to consult with "qualified experts **as needed**" to satisfy its obligation to **investigate** whether an accommodation is, in fact, reasonable. If a school district, as part of its investigation, consults with "qualified experts as needed," it satisfies its obligation under Section 504.

Defendants respectfully submit that Ms. Bateman's "expert" opinion that Amber N. did not receive "meaningful access" to a regular public education because she did not receive "reasonable accommodations," is an inadmissible legal conclusion. Indeed, it usurps the expected function of the trier of fact to determine whether the accommodations in question are "reasonable," or are fundamental and/or substantial modifications to a regular public education. Accordingly, Defendants

respectfully request that Ms. Bateman be precluded from testifying to such "expert" opinions at trial.

IV. **CONCLUSION**

Based upon the foregoing Reply and the Motion, and upon argument to be presented at the hearing, Defendants respectfully request that this Court grant the Motion, and preclude Ms. Bateman from testifying at trial.

DATED: Honolulu, Hawaii, August 29, 2008.

/s/ Gregg M. Ushiroda
MELVYN M. MIYAGI
GREGG M. USHIRODA
GARY S. SUGANUMA
LEIGHTON M. HARA
ROSS T. SHINYAMA

MARK J. BENNETT
GEORGE S.S. HOM
HOLLY T. SHIKADA

Attorneys for Defendants